United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SMILEY J. HARRIS,

   Plaintiff,

  v.

BUSINESS, TRANSPORTATION AND
HOUSING AGENCY, et al.,

   Defendants.

_____/

No. C 07-0459 PJH

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

  Plaintiff Smiley J. Harris filed this action on January 23, 2007, and also filed a request for leave to proceed in forma pauperis ("IFP") and a motion for preliminary injunction. On April 2, 2007, plaintiff filed an amended complaint, alleging nine causes of action.

  On April 17, 2007, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, and denied the IFP request and the motion for preliminary injunction. The dismissal was with leave to amend. In dismissing the complaint, the court issued a 24-page order, providing a detailed explanation of the basis of dismissal of each of the nine causes of action, and also providing comprehensive instructions to plaintiff regarding the amended complaint.

  On May 15, 2007, plaintiff filed the second amended complaint ("SAC"). In the SAC, which asserts twelve causes of action, plaintiff made modifications to some of the factual

allegations; and complied with some, though not all, of the court's instructions regarding amending the complaint.

**BACKGROUND**

The factual allegations in the second amended complaint are substantially similar to those in the first amended complaint. The court detailed those allegations in the April 17, 2007, order, and does not repeat the entire factual background here.

Briefly, plaintiff asserts that his "desire for Oneness with the One God" has "inspired" him to "revoke and/or rescind all preexisting contracts with the United States Government," and also apparently with the State of California. He alleges that he notified Lake County and the State of California in 2001 that he was surrendering his driver's license and revoking his birth certificate. In addition, he does not have a social security number (which is required by the State of California in order to obtain a driver's license), because he believes social security numbers are a component of the "Mark of the Beast" (as described in the Biblical Book of Revelation), and surrendered his to the United States government.

Lacking a California driver's license, plaintiff nonetheless continues to drive. Not surprisingly, he has been repeatedly cited by peace officers and charged with violating California Vehicle Code § 12500(a) (driving without a license). His vehicle or vehicles have also been impounded.

In the SAC, plaintiff alleges twelve causes of action – four for false arrest, three for false imprisonment, two for malicious prosecution, two for false arrest and false imprisonment, and one for double jeopardy. These causes of action arise from two incidents, one occurring on February 23, 2005, and the other on June 14, 2005.

In the first incident, on February 23, 2005, plaintiff alleges that he was stopped and arrested by a California Highway Patrol officer for violating California Health & Safety Code § 11358 (cultivation of marijuana); California Vehicle Code §§ 23222 (possession of less than one ounce of marijuana), 22349(a) (driving over the speed limit), and 12500(a) (operating a motor vehicle without a license). He asserts that he was held in the County Jail for approximately 48 hours before being released. He claims that on April 11, 2005,

the charge of violation of Vehicle Code § 12500(a) was dismissed for failure to prosecute. SAC ¶¶ 49, 52.[1]

In the second incident, on June 14, 2005, plaintiff alleges that while appearing for a hearing on two criminal matters pending against him in the Lake County Superior Court – a charge for driving without a license on February 16, 2005, and another charge for driving without a license on March 15, 2005 – he was stopped by Lake County Sheriff's Officers Chris Macedo and Pat McMahon, cited for a violation of Vehicle Code § 12500(a) (operating a motor vehicle without a license), and detained in front of the courthouse for approximately seven to twelve minutes. In addition, his vehicle was seized and towed based on the Vehicle Code § 12500(a) violation. He claims that on October 28, 2005, the charge of violation of Vehicle Code § 12500(a) was dismissed "in the interests of justice." SAC ¶¶ 56, 58.

In the first cause of action, plaintiff alleges false arrest in violation of his rights under the 1849 California Constitution and the Fourth, Ninth, and Tenth Amendments to the U.S. Constitution, against the California Business, Transportation and Housing Agency ("BTH"); Barry Sedlik ("Sedlik"), identified as an employee of and "Acting Secretary" of the BTH; the California Department of Motor Vehicles ("DMV"); and George Valverde ("Valverde"), identified as an employee of and the Director of the DMV.

Plaintiff alleges that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to understand that statutes that employ the term "person" do not apply to "the citizen." He alleges further that these defendants "implemented policy [sic], practices, and/or procedures," which "caused, led to and/or resulted in" plaintiff's false arrest on February 23, 2005, in addition to the seizure of plaintiff's automobile. SAC ¶¶ 73-74.

In the second cause of action, plaintiff asserts false arrest in violation of his rights under the 1849 California Constitution and the Fourth, Ninth, and Tenth Amendments to the

---

[1] He does not allege that the speeding citation or the charges of marijuana possession and cultivation were dismissed.

U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County, which he describes as including the Lake County Board of Supervisors and Lake County Sheriff Rodney Mitchell ("Mitchell").

Plaintiff alleges that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to understand that statutes that employ the term "person" do not apply to "the citizen." He alleges further that they "implemented policy [sic], practices, and/or procedures," which "caused, led to and/or resulted in" plaintiff's false arrest on July 14, 2005,[2] in addition to the seizure of plaintiff's automobile. SAC ¶¶ 76-77.

In the third cause of action, plaintiff alleges false arrest in violation of his rights under the 1849 California Constitution and the Fourth and Fourteenth Amendments to the U.S. Constitution, against Sheriffs' Deputies Pat McMahon ("McMahon") and Chris Macedo ("Macedo"). He alleges that McMahon and Macedo arrested him on July 14, 2005, without probable cause, based solely on an alleged violation of Vehicle Code § 12500(a). SAC ¶ 79.

In the fourth cause of action, plaintiff asserts false arrest in violation of his rights under the 1849 California Constitution and the Fourth and Fourteenth Amendments to the U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County (including the Lake County Board of Supervisors and Sheriff Mitchell).

Plaintiff claims that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to understand the proper application of Vehicle Code § 12801.5(e) ("a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver"). He alleges further that they "implemented policy [sic], practices, and/or procedures," which "caused, led to and/or resulted in" plaintiff's false arrest on July 14, 2005, in addition to the seizure of plaintiff's automobile. SAC ¶¶ 81-8

---

[2] The court understands the references to "July 14, 2005" as referring to the incident occurring on June 14, 2005, when plaintiff was stopped and cited for driving without a license, as the SAC does not mention any events occurring on July 14, 2005.

In the fifth cause of action, plaintiff alleges false imprisonment in violation of his rights under the 1849 California Constitution and the Fourth Amendment to the U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County (including the Lake County Board of Supervisors and Sheriff Mitchell).  Plaintiff claims that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees;" and "implemented policies, practices, and/or procedures," which "caused, led to and/or resulted in" plaintiff's imprisonment without probable cause from July 14, 2005 through to October 28, 2005, based solely on an alleged violation of Vehicle Code § 12500(a).  SAC ¶ 84.

In the sixth cause of action, plaintiff asserts false imprisonment in violation of his rights under the 1849 California Constitution and the Fourth and Fourteenth Amendments to the U.S. Constitution, against McMahon and Macedo.  He claims that these defendants falsely imprisoned him without probable cause on July 14, 2005, solely upon an alleged violation of Vehicle Code § 12500(a).  SAC ¶ 86.

In the seventh cause of action, plaintiff alleges false imprisonment in violation of his rights under the 1849 California Constitution and the Fourth Amendment to the U.S. Constitution, against the BTH; Sedlik; the DMV; and Valverde.  He asserts that these defendants "implemented policy [sic], practices, and/or procedures," which "caused, led to and/or resulted in" plaintiff's false imprisonment without probable cause, from the period February 23, 2005, through April 11, 2005.  SAC ¶ 88.

In the eighth cause of action, plaintiff asserts malicious prosecution in violation of his rights under the 1849 California Constitution and the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County (including the Lake County Board of Supervisors and Sheriff Mitchell).  He claims that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to understand the proper application of Vehicle Code § 12801.5(e) ("a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver").  Plaintiff alleges that this failure to train "caused, led to

5

and/or resulted in" malicious prosecution without probable cause, in an effort to deprive him of his constitutional rights, from July 14, 2005, through October 28, 2005.  SAC ¶ 90.

In the ninth cause of action, plaintiff alleges malicious prosecution in violation of his rights under the 1849 California Constitution and the Fourth Amendment to the U.S. Constitution, against the BTH; Sedlk; the DMV; and Valverde.  He claims that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to understand the proper application of Vehicle Code § 12801.5(e) ("a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver").  Plaintiff alleges that this failure to train "caused, led to and/or resulted in" malicious prosecution without probable cause, in an effort to deprive him of his constitutional rights, from February 23, 2005, through April 11, 2005.  SAC ¶ 92.

In the tenth cause of action, plaintiff asserts false arrest/imprisonment in violation of his rights under the 1849 California Constitution and the Fourth, Ninth, and Tenth Amendments to the U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County (including the Lake County Board of Supervisors and Sheriff Mitchell).  He alleges that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to "understand, recognize and/or to accept the non-contractual forms of identification carried by citizens."  Plaintiff claims that this failure to train "caused, led to and/or resulted in" his false arrest and false imprisonment and the seizure of his automobile pursuant to Vehicle Code § 12500(a) on February 23, 2005.  SAC ¶ 94-95.

In the eleventh cause of action, plaintiff alleges false arrest/imprisonment in violation of his rights under the 1849 California Constitution and the Fourth, Ninth, and Tenth Amendments to the U.S. Constitution, against the BTH; Sedlik; the DMV; Valverde; and Lake County (including the Lake County Board of Supervisors and Sheriff Mitchell).  He asserts that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" to "understand, recognize and/or to accept the non-contractual forms of identification carried by citizens."  Plaintiff claims that this failure to train "caused, led to and/or resulted in" his false arrest and false imprisonment on July 14, 2005, on an

6

alleged violation of Vehicle Code § 12500(a).  SAC ¶ 97-98.

In the twelfth cause of action, plaintiff asserts a claim double jeopardy, in violation of his rights under the 1849 California Constitution and the Fourth, Ninth, Tenth, and Fourteenth Amendments to the U.S. Constitution, against the BTH; Sedlik; the DMV; and Valverde.  He asserts that each of these defendants failed to "train, supervise and/or instruct its officers, agents and/or employees" as to "the proper recognition and/or understanding of law" as applied to distinguish between "persons" and "citizens," and as to "the proper recognition, understanding and/or acceptance of . . . non-contractual documents carried by citizens."  Plaintiff claims that this failure to train "caused, led to and/or resulted in" his being placed in jeopardy on February 23, 2005, and again on July 14, 2005, for the same offense.  SAC ¶¶ 100-101.

**DISCUSSION**

A.   Legal Standard

When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

B.   Analysis

1.   Claims Against State Agencies and State Officials

In the April 17, 2007, order, the court dismissed all claims asserted against the BTH and the DMV, on the ground that they are state agencies that are immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution.  For related reasons, the court dismissed all claims asserted against Barry Sedlik and George Valverde in their official capacities.  Because the dismissals were with prejudice, the court does not now consider any of those claims.[3]

---

[3] As a further basis for dismissing the BHT, the DMV, and Sedlik and Valverde in their official capacities, the court notes that they are not "persons" within the meaning of 42 U.S.C. § 1983 and are therefore not subject to suit under § 1983.  See Hafer v. Melo, 502 U.S. 21, 25-26 (1991).

7

The court also dismissed the claims against Sedlik and Valverde in their individual capacities with leave to amend. The order instructed plaintiff that any amended complaint must allege facts showing that Sedlik and Valverde were personally involved in the alleged deprivation of plaintiff's constitutional rights. In the SAC, plaintiff alleges no facts concerning Sedlik and Valverde other than the conclusory assertions that they failed to supervise or train unnamed subordinates or agents, and implemented unidentified policies that resulted in the deprivation of plaintiff's constitutional rights.

In pleading constitutional violations, a plaintiff need not show with great specificity how each defendant contributed to the violation of his constitutional rights. Nevertheless, "he must state the allegations generally so as to provide notice to the defendants and alert the court as to what conduct violated clearly established law." Preschooler II v. Clark County Sch. Bd. of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007). A person deprives another of a constitutional right under § 1983 only if he "does an affirmative act, participates in another's affirmative acts," or fails to perform a legally required duty which "<u>causes</u> the deprivation of which" the plaintiff complains. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Here, there are no allegations in the SAC tying Sedlik or Valverde to the events plaintiff claims caused his injuries. He asserts that both Sedlik and Valverde are responsible for supervising the employees of their respective agencies, but alleges no more than that Sedlik's and Valverde's respective responsibilities within the agencies that employ them somehow establish personal involvement. Such allegations are insufficient to state a claim. Ouztz v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987). As the court noted in the April 17, 2007, order, while a supervisor is liable under 42 U.S.C. §1983 "if [he] participated in or directed the [constitutional] violations, or knew of the violations and failed to act to prevent them," Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (citation omitted), there is no respondeat superior liability under § 1983, see Polk Co. v. Dodson, 454 U.S. 312, 325 (1981).

It is apparent that plaintiff is unable to allege any facts showing that Sedlik or

8

Valverde were personally involved in the alleged constitutional violations or that they knew of the alleged violations and failed to stop them. Indeed, apart from the claims against Sedlik and Valverde themselves, plaintiff does not allege any constitutional violation by any employee of either the BHT or the DMV. Accordingly, the court finds that the claims against Sedlik and Valverde in their individual capacities must also be dismissed with prejudice.

The first, seventh, ninth, and twelfth causes of action are dismissed in their entirety, with prejudice, and the claims asserted against the BTH, the DMV, Sedlik, and Valverde in the second, fourth, fifth, eighth, tenth, and eleventh causes of action are also dismissed with prejudice and may not be re-alleged in any future amended complaint.

2.      Claims Against Lake County Board of Supervisors

All claims asserted against Lake County are alleged against the County "including but not limited to" the Lake County Board of Supervisors and Sheriff Mitchell. The SAC does not specifically identify the five members of the Board of Supervisors as defendants. The SAC does, however, allege that the Board of Supervisors includes Ed Robey, Jeff Smith, Gary Lewis, Anthony Farrington, and Rob Brown, and that they are being sued "in their individual and official capacities pursuant to Government Code § 811.4."[4]

The court interprets this as an indication that plaintiff intends to name the five individual supervisors as defendants. Under California law, a county board of supervisors has a statutory duty to supervise the conduct of all county officers, including county sheriffs. Dibb v. County of San Diego, 8 Cal. 4th 1200, 1210 (1994). Although a board of supervisors is prohibited from interfering with the sheriff's "independent and constitutional and statutorily designated investigative . . . functions," Cal. Gov't Code § 25303, the board "nonetheless maintains a substantial interest in the performance of the sheriff's department, including the conduct of its officers when investigating a crime." Brewster v. Shasta County, 275 F.3d 803, 810 (9th Cir. 2001).

---

[4] "'Public employee' means an employee of a public entity." Cal. Gov't Code § 811.4.

9

The court notes that the SAC does not plead any facts showing that the individual members of the board of supervisors failed to supervise the sheriff. However, unlike the claims asserted against state officials Sedlik and Valverde, where the SAC does not plead even a tenuous connection between those defendants and the arresting officers, the claims against the individual supervisors do allege that they supervised the "officers" (presumably, Sheriff Mitchell and Officers McMahon and Macedo), and that the Supervisors were responsible for certain unidentified policies, practices or procedures that resulted in the alleged unlawful arrest on June 14, 2005. Accordingly, the court finds that the SAC states a claim against the members of the Lake County Board of Supervisors.

3. Constitutional Claims

    a. False arrest

Plaintiff alleges claims of false arrest in connection with both the February 23, 2005, incident and the June 14, 2005, incident. In the factual background, plaintiff alleges that on February 23, 2005, he was stopped and arrested by officers of the California Highway Patrol ("CHP"). SAC ¶ 49. In the first and tenth causes of action, he alleges false arrest on February 23, 2005. SAC ¶¶ 74, 95. However, he does not name the CHP or any CHP officers as defendants.[5] Accordingly, the first and tenth causes of action fail to state a claim for false arrest.

Plaintiff also alleges, in the second, third, fourth, and eleventh causes of action, that he was falsely arrested or arrested without probable cause on July 14, 2005. SAC ¶¶ 77, 82, 84, 98. The second, fourth, and eleventh causes of action are asserted against Lake County, the Supervisors, and Sheriff Mitchell, and the third cause of action is asserted against McMahon and Macedo.

The primary difference between the false arrest claims in the second, fourth, and eleventh causes of action is that plaintiff alleges a different claim of "failure to train" in each.

---

[5] Even if he had, any claims against the CHP or CHP officers acting in their official capacity would be subject to dismissal, for the reasons stated above with regard to the other California defendants.

In the second cause of action, plaintiff claims that defendants failed to instruct their officers that statutes that employ the term "person" do not apply to "the citizen." In the fourth cause of action, plaintiff asserts that defendants failed to instruct their officers that under Vehicle Code § 12801.5(e), a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver. In the eleventh cause of action, plaintiff alleges that defendants failed to instruct their officers to recognize or accept the "non-contractual forms of identification carried by citizens."

Because the court finds the "failure to train" allegations in the second and eleventh causes of action to be frivolous on their face, and because the false arrest claims in those causes of action are otherwise duplicative of the claim in the fourth cause of action, the court finds that the duplicative false arrest claims must be dismissed.

As for the false arrest claim in the fourth cause of action, the court finds for purposes of this analysis under 28 U.S.C. § 1915(e), that the third cause of action (against McMahon and Macedo) and the fourth cause of action (against Lake County, the Supervisors, and Sheriff Mitchell) do state a claim of arrest without probable cause. A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was made without probable cause or other justification. Pierson v. Ray, 386 U.S. 547, 555-59 (1967).

Plaintiff should note, however, that the law is clear that a police officer may conduct an investigatory traffic stop if the officer has a "reasonable suspicion" that a particular person "has committed, is committing, or is about to commit a crime." United States v. Choudhry, 461 F.3d 1097, 1100 (9th Cir. 2006), cert. denied, 127 S.Ct. 1318 (2007) (citing United States v. Lopez-Soto, 205 F.3d 1101, 1104 (9th Cir. 2000). A traffic violation alone is sufficient to establish "reasonable suspicion." Whren v. United States, 517 U.S. 806, 810 (1996) (decision to stop an automobile is reasonable when police have probable cause to believe that a traffic violation has occurred). This is true regardless of whether the violation was merely pretextual, the stop departed from the regular practice of a particular police jurisdiction, or the violation was common and insignificant. Choudhry, 461 F.3d at 1102

(citing Whren, 517 U.S. at 811-12, 814-15, 818-19). Thus, while the court finds that the claim of false arrest in the SAC is sufficient, under Federal Rule of Civil Procedure 8(a), to state a claim, that conclusion will have no bearing on whether plaintiff will be able to establish the merits of this claim.

The third and fourth causes of action also allege a violation of plaintiff's Fourteenth Amendment rights. There is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal arrest or prosecution except upon probable cause. Relief for such a claim is available only under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 268-75 (1994). To the extent that plaintiff intends to allege a claim of deprivation of property without due process, in connection with the impoundment of his vehicle on June 14, 2005, such a claim should be pleaded in a separate cause of action in any amended complaint.

Accordingly, the false arrest claims in the first, second, tenth, and eleventh causes of action are dismissed with prejudice

        b.     False imprisonment

In the seventh and tenth causes of action, plaintiff alleges false imprisonment in connection with the February 23, 2005, incident. He asserts that he was held for 48 hours in the County Jail following his arrest for cultivation of marijuana, possession of marijuana, driving over the speed limit, and driving without a license. A claim for false imprisonment does not ordinarily state an independent claim under § 1983 absent a cognizable claim for wrongful arrest. See Baker v. McCollan, 443 U.S. 137, 142-45 (1979). As plaintiff has not stated a claim for false arrest in connection with the February 23, 2005, incident, he may not maintain an independent claim for false imprisonment.

In the fifth, sixth, and eleventh causes of action, plaintiff alleges false imprisonment in connection with the June 14, 2005, incident. Under the facts as pleaded, however, plaintiff was stopped by Officers McMahon and Macedo for driving without a license, and was detained for approximately seven to twelve minutes. As plaintiff was not taken into custody, any claim of false imprisonment in these causes of action would be redundant of

the false arrest claim. The SAC pleads no facts showing that the claim of false imprisonment is distinct and separate from the claim of arrest without probable cause.[6]

Accordingly, the false imprisonment claims in the fifth, sixth, seventh, tenth and eleventh causes of action are dismissed with prejudice.

### c.  Malicious prosecution

In the eighth cause of action, plaintiff alleges a claim of malicious prosecution against Lake County, the Supervisors, and Sheriff Mitchell.[7] Plaintiff asserts that defendants failed to train, supervise, or instruct their employees as to the proper application of Vehicle Code § 12801.5(e), with the result that plaintiff was prosecuted without probable cause in connection with the July 14, 2005, incident.

To prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that defendants prosecuted him with malice and without probable cause, and for the purpose of denying him equal protection or another specific constitutional right. Awabady v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation and quotation omitted). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." Id.; see also Ramirez v. County of Los Angeles, 397 F.Supp. 2d 1208, 1225 (C.D. Cal. 2005).

The court finds that the SAC adequately states a claim for malicious prosecution in connection with the June 14, 2005, incident. The court notes, however, that in the event that plaintiff does not prevail on his false arrest claim, the claim for malicious prosecution will also fail.

### d.  Ninth Amendment claims

Plaintiff alleges violations of the Ninth Amendment in the first, second, tenth,

---

[6] Moreover, plaintiff cannot state a state tort claim of false imprisonment, as he admits he did not file a timely claim under the California Tort Claims Act. See Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (1991) (citing Cal. Gov't Code §§ 911.2, 945.4, 950.2, 950.6(a)).

[7] Plaintiff also asserts a claim of malicious prosecution in the ninth cause of action, against the state defendants. However, as indicated above, that claim is dismissed with prejudice.

13

1 eleventh, and twelfth causes of action.  The Ninth Amendment provides that "the
2 enumeration in the Constitution, of certain rights, shall not be construed to deny or
3 disparage others retained by the people."  U.S. Const. amend. ix.

4 　　　　The Ninth Amendment "has never been recognized as independently securing any
5 constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of
6 Helena, 791 F.2d 744, 748-49 (9th Cir. 1986); see also San Diego County Gun Rights
7 Committee v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (collecting authorities rejecting the
8 Ninth Amendment as independently securing constitutional rights).  Instead, a civil rights
9 claim must be based on a specific constitutional guarantee.  Strandberg, 791 F.2d at 749
10 (collecting United States Supreme Court authorities).

11 　　　　Accordingly, the claims of Ninth Amendment violations do not state a claim, and
12 must be dismissed with prejudice.

13 　　　　　　e.　　Tenth Amendment claims

14 　　　　Plaintiff alleges violations of the Tenth Amendment in the first, second, tenth,
15 eleventh, and twelfth causes of action. The Tenth Amendment, which states that the
16 "powers not delegated to the United States by the Constitution, nor prohibited by it to the
17 States, are reserved to the States respectively, or to the people," U.S. Const., amend. x,
18 was enacted to allay lingering concerns about the extent of the national power.  New York
19 v. United States, 505 U.S. 144, 156-57 (1992).  The Amendment confirms that the power of
20 the federal government is subject to limits.  Id. at 157.

21 　　　　Plaintiff's allegations do not give rise to a cause of action under the Tenth
22 Amendment because the United States is not a party to this action.  Accordingly, claims of
23 Tenth Amendment violations must be dismissed with prejudice.

24 　　　　　　f.　　Double jeopardy claim

25 　　　　In the twelfth cause of action, plaintiff alleges that he was placed twice in jeopardy
26 for the same offence, which he claims violated his rights under the Fourth, Ninth, Tenth,
27 and Fourteenth Amendments.

28 　　　　The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states

14

through the Fourteenth Amendment, guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. v; see Benton v. Maryland, 395 U.S. 784, 794 (1969). The Double Jeopardy Clause protects against the imposition of multiple criminal punishments for the same offense. Hudson v. United States, 522 U.S. 93, 99 (1997); see also Abbate v. United States, 359 U.S. 187, 198-99 (1959) ("The basis of the Fifth Amendment protection against double jeopardy is that a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts.")

Here, plaintiff has not alleged facts showing that he was placed twice in jeopardy for the same offense. Rather, the facts alleged show that he was cited on two separate occasions, each time for operating a motor vehicle without a license. Plaintiff cannot state a claim of double jeopardy under the facts alleged. The dismissal of the double jeopardy claim in the twelfth cause of action is with prejudice.

       g.    Claims under the California Constitution

Plaintiff asserts violations of the 1849 California Constitution, in each of his twelve causes of action. The California Constitution of 1849 is no longer in effect, as the current Constitution was adopted in 1879. See Wheeler v. Thomas F. White & Co., Inc., 1998 WL 239266 at *5 (C.D. Cal., March 19, 1988); see also 7 Witkin, Summary of California Law, Constitutional Law, § 67 (10th ed., 2006). Thus, plaintiff cannot state a claim under the 1849 California Constitution, and those claims are dismissed with prejudice.

## CONCLUSION

In accordance with the foregoing, the court finds that the second amended complaint must be DISMISSED. The dismissal is with LEAVE TO AMEND, with the following limitations.

1.    All claims against the BHT, the DMV, Barry Sedlik, and George Valverde are DISMISSED WITH PREJUDICE. Any amended complaint must delete all references to these defendants.

2. All claims asserting violations of the 1849 version of the California Constitution are DISMISSED WITH PREJUDICE. Any amended complaint must delete all references to the 1849 version of the California Constitution.

3. All claims asserting violations of plaintiff's rights under the Ninth and Tenth Amendments, and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution are DISMISSED WITH PREJUDICE. Any amended complaint must delete all references to alleged violations of plaintiffs' rights under the Ninth and Tenth Amendments or the Double Jeopardy Clause of the Fifth Amendment.

4. All factual allegations describing traffic stops, citations, vehicle impoundment, arrests, imprisonment, or court hearings relating to incidents that occurred prior to January 23, 2005, cannot form the basis of a claim in this action, because any such claim would be time-barred for the reasons stated in the April 17, 2007, order. Thus, all such allegations must be deleted from any amended complaint.

5. All allegations regarding defendants' failure to understand, recognize, or accept the legal distinction between "persons" and "citizens" or the law relating to "citizens" (first, second, and twelfth causes of action); regarding defendants' failure to understand, recognize, or accept the "non-contractual forms of identification carried by citizens" (tenth and eleventh causes of action); and regarding violations of plaintiff's rights under the "1783 Treaty of Peace"[8] are STRICKEN as frivolous on their face and may not be re-alleged in any amended complaint.

6. No later than July 2, 2007, plaintiff shall file a third amended complaint, which may allege only Fourth Amendment claims of false arrest and/or false imprisonment, and/or claims of malicious prosecution, or Fourteenth Amendment claims of seizure of property without due process, in connection with the incident on June 14, 2005, against Lake County, the Supervisors, Sheriff Mitchell, and Sheriff's Deputies McMahon and

---

[8] This appears to be a reference to the Treaty of Paris, signed in 1783, which ended the hostilities between Great Britain and the United States, known in the United States as the Revolutionary War. See Definitive Treaty of Peace Between the United States of America and his Brittanic Majesty, Sept. 3, 1793, 1783 WL 47 (U.S. Treaty), 8 Stat. 80, Great Britain.

Macedo. No other claims or defendants may be added unless plaintiff first obtains leave of court. See Fed. R. Civ. P. 15(a).

7. If the court finds, as required by 28 U.S.C. § 1915(e), that the third amended complaint states a claim and is not frivolous, the court will re-visit plaintiff's application to proceed IFP.

8. The motion for preliminary injunction is DENIED, as stated in the April 17, 2007, order, because this court has no jurisdiction to order any state or local official to refrain from future legal arrests and/or prosecutions. Moreover, plaintiff has not established any valid legal basis for the motion.

**SO ORDERED.**

Dated: May 30, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

17