UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SMILEY J. HARRIS,

    Plaintiff,

    v.

BUSINESS, TRANSPORTATION AND HOUSING AGENCY, et al.,

    Defendants.
_____/

No. C 07-0459 PJH

**ORDER DISMISSING THIRD AMENDED COMPLAINT**

Plaintiff Smiley J. Harris filed this action on January 23, 2007, and also filed a request for leave to proceed in forma pauperis ("IFP") and a motion for preliminary injunction. On April 2, 2007, plaintiff filed a first amended complaint, alleging nine causes of action.

On April 17, 2007, the court issued a 24-page order dismissing the first amended complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and lack of subject matter jurisdiction, and denying the IFP request and the motion for preliminary injunction. The dismissal was with leave to amend, and the court provided detailed instructions regarding amendment.

On May 15, 2007, plaintiff filed the second amended complaint, alleging twelve causes of action, and also filed a second motion for preliminary injunction. While plaintiff followed the court's instructions to some extent, he did not eliminate the defendants and claims that had previously been dismissed with prejudice.

On May 30, 2007, the court issued a 17-page order dismissing the second amended complaint pursuant to 28 U.S.C. § 1915(e), and denying the motion for preliminary injunction. In the order, the court went through the second amended complaint claim by claim, and defendant by defendant, and clearly set forth what plaintiff was required to allege in any further amended complaint.

On June 29, 2007, plaintiff filed the third amended complaint. The third amended complaint differs little from the second amended complaint. In particular, despite the court's clear and explicit dismissal with prejudice of certain claims and defendants, plaintiff re-alleged nearly every claim as before, and even added new defendants. The third amended complaint is DISMISSED, for the reasons stated in the April 17, 2007, and May 30, 2007, orders.

In the conclusion to the May 30, 2007, order, the court stated that the third amended complaint

> may allege only Fourth Amendment claims of false arrest and/or false imprisonment, and or claims of malicious prosecution, or Fourteenth Amendment claims of seizure of property without due process, in connection with the incident on June 14, 2005, against Lake County, the [Lake County] Supervisors, Sheriff Mitchell, and Sheriff's Deputies McMahon and Macedo. No other claims or defendants may be added unless plaintiff first obtains leave of court.

May 30, 2007, Order, at 16-17.

The court repeats that instruction here. The court will give plaintiff one more opportunity to file an amended complaint, as follows.

1. The fourth amended complaint shall be filed no later than July 20, 2007.

2. Unless plaintiff first obtains leave of court, the only defendants that may be named are Lake County, the Lake County Board of Supervisors, Sheriff Mitchell, Officer McMahon, and Officer Macedo. Plaintiff may **not** allege any claims against the California Business, Transportation and Housing Agency, Barry Sedlik, the California Department of Motor Vehicles, George Valverde, the California Highway Patrol, Dwight Helmick, or T. McCanless.

3. Unless plaintiff first obtains leave of court, the only claims that may be alleged

are Fourth Amendment claims of false arrest, false imprisonment, and malicious prosecution, and a Fourteenth Amendment claim of deprivation of property without due process, in connection with the June 14, 2005, incident. Plaintiff may **not** allege any claims based on the February 23, 2005, incident; may not allege any claims based on the Fifth, Ninth, or Tenth Amendments; and may not allege any claims based on the 1849 version of the California Constitution.

4. Plaintiff may allege only the facts pertinent to the June 14, 2005, incident. In addition, plaintiff may not allege facts relating to traffic stops, citations, vehicle impoundment, arrests, imprisonment, or court hearings relating to incidents that occurred prior to January 23, 2005.

5. As explained in detail in the April 17, 2005, and May 30, 2005, orders, plaintiff may allege only non-frivolous facts and claims. In particular, the fourth amended complaint shall **not** contain allegations regarding defendants' failure to understand, recognize, or accept the legal distinctions between "persons" and "citizens" or the law relating to "citizens;" allegations regarding defendants' failure to understand, recognize, or accept the "non-contractual forms of identification carried by citizens;" or allegations regarding violations of plaintiff's rights under the "1783 Treaty of Peace."

6. Failure to amend the complaint in accordance with the instructions in this order and the court's previous orders will result in dismissal of the action with prejudice.

**IT IS SO ORDERED.**

Dated: July 5, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge