UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SMILEY J. HARRIS,

    Plaintiff,                       No. C 07-0459 PJH

    v.                              **ORDER DISMISSING COMPLAINT**

BUSINESS, TRANSPORTATION,
AND HOUSING AGENCY, et al.,

    Defendant.
_____/

        Plaintiff Smiley J. Harris filed this action on January 23, 2007, and also filed a request for leave to proceed in forma pauperis ("IFP"), and a motion for preliminary injunction. On April 2, 2007, plaintiff filed a first amended complaint, alleging nine causes of action, including claims of false arrest, false imprisonment, and malicious prosecution, in violation of the United States and California Constitutions, against ten defendants.

        On April 17, 2007, the court issued a 24-page order dismissing the first amended complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and lack of subject matter jurisdiction, and denying the IFP request and the motion for preliminary injunction. The dismissal was with leave to amend, and the court provided detailed instructions regarding amendment.

        On May 15, 2007, plaintiff filed a second amended complaint, alleging twelve causes

of action, against ten defendants, and also filed a second motion for preliminary injunction. While plaintiff followed the court's instructions regarding amendment to some extent, he did not eliminate the defendants and claims that had been previously dismissed with prejudice.

On May 30, 2007, the court issued a 17-page order dismissing the second amended complaint pursuant to 28 U.S.C. § 1915(e), and denying the motion for preliminary injunction. In the order, the court again went through the complaint claim by claim, and defendant by defendant, and clearly set forth what plaintiff was required to allege in any further amended complaint in order to survive another dismissal.

On June 29, 2007, plaintiff filed the third amended complaint, alleging twelve causes of action, against thirteen defendants. The third amended complaint differed little from the second amended complaint, other than the addition of defendants. In particular, despite the court's clear and explicit dismissal with prejudice of certain claims and defendants, plaintiff re-alleged nearly every claim as before, and even added new defendants.

On July 5, 2007, the court issued an order dismissing the third amended complaint. The order stated that plaintiff would be given one more opportunity to file an amended complaint, and provided clear and specific instructions regarding amendment. The court warned plaintiff that failure to amend the complaint in accordance with the court's instructions would result in dismissal of the action with prejudice.

On July 24, 2007, plaintiff filed a fourth amended complaint, alleging eleven causes of action, against fifteen defendants. The fourth amended complaint is almost identical to the third amended complaint, except that it adds defendants and eliminates one cause of action, and also substitutes a prayer for "any further and other relief this court deems just and proper" for the previous prayer for damages and injunctive relief. Notwithstanding all the court's previous instructions regarding amending the complaint, the fourth amended complaint asserts claims that are time-barred and frivolous, against defendants who are immune from suit.

When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous, malicious, fails to state a claim, or seeks monetary damages from defendants

who are immune from suit.  See 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).  A complaint may also be subject to dismissal for failure to state a claim when an affirmative defense appears on its face.  Jones v. Bock, 127 S.Ct. 910, 921 (2007).  When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, district courts have inherent powers to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.  Hamilton Vopper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  Dismissal is an appropriate sanction for failure to follow the orders of the court.  Federal Rule of Civil Procedure 41(b).

The Ninth Circuit allows dismissal under Rule 41(b) only after the district court has weighed the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In this case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket weigh in favor of dismissal with prejudice, as plaintiff has, through three iterations of his complaint, steadfastly refused to amend the complaint in accordance with the court's orders.

The third factor, the risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of case on their merits, is greatly outweighed by the other factors favoring dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdick v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992);

1  see also Malone v. U.S. Postal Service, 833 F.2d 128, 132-33 & n.1 (9th Cir. 1987)
2  (warning that action may be dismissed as appropriate sanction is considered less drastic
3  alternative sufficient to satisfy last factor).
4         In accordance with the foregoing, the court finds that this action must be
5  DISMISSED with prejudice.

7  **IT IS SO ORDERED.**
8  Dated: August 31, 2007

                                    _____
9                                   PHYLLIS J. HAMILTON
                                    United States District Judge